02-11-106-CR










 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-11-00106-CR

 

 


 
 
 Tifanee Kaa Buckner
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

----------

 

FROM THE 78th
District Court OF Wichita COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellant
Tifanee Kaa Buckner appeals her conviction for aggravated assault.[2] 
In one issue, she argues that the trial court violated her federal
constitutional right of confrontation.  We affirm.

Background Facts

          In
2007, a Wichita County grand jury indicted appellant for aggravated assault;
the indictment alleged that appellant had stabbed someone with a knife.  In
2008, with the assistance of appointed counsel, appellant received statutory
admonishments, waived constitutional and statutory rights, and judicially
confessed to the offense.  The trial court placed her on a ten-year term of
deferred adjudication community supervision.  Later in 2008, however, the State
sought adjudication of appellant’s guilt, contending that she had violated
several conditions of the community supervision.  The State amended its motion for
the trial court to proceed with the adjudication of appellant’s guilt three
times, and the third amended motion alleged that appellant had, among other
deficiencies, failed to report to her supervision officer, failed to submit a
urine sample, and failed to notify the community supervision department about a
change in her address.

          The
trial court held an evidentiary hearing on the State’s third amended motion.  Appellant
pled not true to the State’s allegations.  The State called James Williams, an
employee of the Wichita County Community Supervision and Corrections
Department, to testify.  Williams said that Andrew Crumpton was appellant’s original
supervision officer and that Williams took over that role from March 2009 until
September 2009.  Williams brought the department’s case file on appellant with
him to court, and he testified that the file was made and maintained in the
ordinary course of business by someone who had knowledge of the events in the
file and at or near the time of the transactions that the file detailed.  The
State offered the case file as Exhibit 1, and appellant made the following
objection:

          [DEFENSE COUNSEL]:  My . . . objection has to
do with the chronological reports.  And you know, assuming that these are
business records, . . . they’re not business records in the sense of regular
business records.

          You’ve got statements in here about the beliefs
of a different probation officer as to how the client was doing on probation. 
You’ve got plenty in here that Mr. Williams can testify that maybe these . . .
are business records, but he can’t vouch for the reliability of these
statements.

          . . .  [H]e doesn’t have any personal knowledge
of any of these entries . . . .  And . . . there are objectionable statements
in here that don’t meet a separate objection for hearsay.

          Because obviously, you know, a business record
is an exception to hearsay.  But the statements that are in the document have
to overcome an objection, too.  And not all of these statements can, and we
don’t have the time to go through and take out what’s objectionable and what’s
not.

          . . . .

          But I don’t think that these statements . . .
can come in without talking to the person that made these entries.

The
prosecutor argued that the documents in Exhibit 1 were admissible as business
records, defense counsel again urged that they should not be admitted on that
basis, and the trial court overruled appellant’s objection “for the reason that
. . . this is an exception to the hearsay rule.”

          At
the end of the revocation hearing, the trial court found that appellant had
violated terms of her community supervision, adjudicated her guilt, heard
evidence regarding her punishment, and sentenced her to nine years’ confinement. 
Appellant brought this appeal.

The
Admission of Exhibit 1

          Appellant
argues only that the admission of Exhibit 1 violated her constitutional right
of confrontation.[3]  The State contends, in
part, that appellant forfeited the confrontation issue by failing to raise it
at trial.  We agree.

          To
preserve a complaint for our review, a party must have presented to the trial
court a timely request, objection, or motion that states the specific grounds
for the desired ruling if they are not apparent from the context of the
request, objection, or motion.  Tex. R. App. P. 33.1(a)(1); Lovill v. State,
319 S.W.3d 687, 691–92 (Tex. Crim. App. 2009).  Further, the trial court must
have ruled on the request, objection, or motion, either expressly or
implicitly, or the complaining party must have objected to the trial court’s
refusal to rule.  Tex. R. App. P. 33.1(a)(2); Mendez v. State, 138
S.W.3d 334, 341 (Tex. Crim. App. 2004).  A reviewing court should not address
the merits of an issue that has not been preserved for appeal.  Wilson v.
State, 311 S.W.3d 452, 473 (Tex. Crim. App. 2010) (op. on reh’g). 
Preservation of error is a systemic requirement.  Id. at 473–74; Ford
v. State, 305 S.W.3d 530, 532–33 (Tex. Crim. App. 2009).

          Appellant
based her objection at trial upon Exhibit 1’s alleged status as hearsay because
of the exhibit’s purported failure to qualify as an admissible business record. 
See Tex. R. Evid. 803(6); Reyes v. State, 48 S.W.3d 917, 921 (Tex.
App.—Fort Worth 2001, no pet.).  Appellant did not object to the admission of
the exhibit on constitutional grounds.

          An
objection preserves only the specific ground cited.  See Tex. R. App. P.
33.1(a)(1)(A); Tex. R. Evid. 103(a)(1); Bell v. State, 938 S.W.2d 35, 54
(Tex. Crim. App. 1996) (“An objection stating one legal basis may not be used
to support a different legal theory on appeal.”), cert. denied, 522 U.S.
827 (1997); see also Fierro v. State, 706 S.W.2d 310, 317–18 (Tex. Crim.
App. 1986) (holding that a general objection is insufficient to apprise the trial
court of the complaint urged and thus preserves nothing for review).  “The
purpose of requiring a specific objection in the trial court is twofold:  (1)
to inform the trial judge of the basis of the objection and give him the
opportunity to rule on it; (2) to give opposing counsel the opportunity to
respond to the complaint.”  Resendez v. State, 306 S.W.3d 308, 312 (Tex.
Crim. App. 2009).  An objection concerning evidentiary hearsay rules does not
preserve an argument about the defendant’s constitutional right of
confrontation.  Reyna v. State, 168 S.W.3d 173, 179 (Tex. Crim. App. 2005)
(holding that when an objection could raise either a hearsay or confrontation
clause complaint, the objection does not preserve the confrontation issue); Paredes
v. State, 129 S.W.3d 530, 535 (Tex. Crim. App. 2004).

          Because
appellant did not urge an objection concerning her right of confrontation at
trial, we hold that appellant forfeited her issue on appeal, and we overrule
the issue.  See Tex. R. App. P. 33.1(a); Reyna, 168 S.W.3d at 179–80;
Robinson v. State, 310 S.W.3d 574, 577–78 (Tex. App.—Fort Worth 2010, no
pet.); Courson v. State, 160 S.W.3d 125, 129 (Tex. App.—Fort Worth 2005,
no pet.).

Conclusion

          Having
overruled appellant’s only issue, we affirm the trial court’s judgment.

 

PER CURIAM

 

PANEL: 
LIVINGSTON,
C.J.; DAUPHINOT and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 16,
2012








 









[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code
Ann. § 22.02(a) (West 2011).





[3]Appellant bases her claim
on the Sixth Amendment and the Fourteenth Amendment.  See U.S. Const.
amend. VI, XIV; see also Crawford v. Washington, 541 U.S. 36, 68, 124 S.
Ct. 1354, 1374 (2004) (“Where testimonial evidence is at issue, . . . the Sixth
Amendment demands . . . unavailability and a prior opportunity for
cross-examination.”).